336 F.Supp. 1051 (1971)
UNITED STATES of America and Richard W. Carr, Special Agent, Internal Revenue Service, Petitioners,
v.
Carol A. TOSIE, as Secretary, Gene Tosie Brick Contracting Co., Inc., and as Secretary, Tosie Construction Co., Inc., Respondent.
No. 71 C 608(4).
United States District Court, E. D. Missouri.
December 13, 1971.
Daniel Bartlett, Jr., U. S. Atty., David W. Harlan, Asst. U. S. Atty., St. Louis, Mo., for petitioners.
Charles R. Judge and J. Dennis O'Leary, St. Louis, Mo., for respondent.

MEMORANDUM
WANGELIN, District Judge.
This is an action to judicially enforce Internal Revenue summonses brought under Sections 7402(b) and 7604(a) of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7402(b) and 7604(a). This Court issued an order to show cause why respondent should not be compelled to obey the summonses. Respondent filed a return to the order to show cause in which she stated that the summonses were not issued for a proper purpose within the meaning of 26 U.S.C. § 7602. Respondent also filed a motion to allow discovery under the Federal Rules of Civil Procedure. The matter was heard by the Court. Thereafter respondent filed a motion to tender payment of taxes.
On May 12, 1971, two summonses were issued by petitioner directing the respondent to appear and produce certain documents, papers, books and records. Paragraph V of the petition to enforce the summonses states that the various documents, papers, books and records are necessary to determine the true ownership of a certain Allis Chalmers fork lift tractor and a certain Ironwood trailer coach which were seized in partial satisfaction of the federal tax liabilities of the taxpayer. Paragraph IX of the petition states:
"It was and now is essential to complete the investigation relating to the collection of the tax liabilities of the taxpayer, Gene Tosie Brick Contracting Co., Inc., for the second, third and *1052 fourth quarters of 1968, that the respondent, Carol A. Tosie, be required to produce the documents, papers, books and records demanded, as is evidenced by the affidavit of Special Agent Richard M. Carr, attached hereto and incorporated herein."
Respondent contends that civil liability has previously been determined and the amount of civil liability has been determined, and that the sole purpose of petitioner's investigation is to obtain evidence to be used in a criminal investigation and possible criminal proceedings.
At the hearing it was also suggested that the equipment seized had been forcibly rescued, and that the government would expend time and effort to recover the equipment if it is owned by the taxpayer, but would not attempt to recover it if it is owned by a third person since it could not be used to satisfy the tax liability.
Section 7602 of the Internal Revenue Code of 1954 (26 U.S.C.) authorizes the issuance of a summons for the following purposes:
"For the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax or the liability at law or in equity of any transferee or fiduciary of any person in respect of any internal revenue tax, or collecting any such liability, the Secretary or his delegate is authorized * * * *"
In the present case, there is no dispute that the liability of the taxpayer has been determined, including the amount; and that the taxpayer has tendered payment of the entire tax liability and interest due thereon. The liability having been determined and paid, no proper purpose under § 7602 presently exists.
An internal revenue summons issued for a proper purpose under § 7602 in good faith and prior to criminal prosecution will not be denied enforcement because it may ultimately lead to criminal prosecution. Donaldson v. United States, 400 U.S. 517, 536, 91 S.Ct. 534, 27 L.Ed.2d 580 (1971); United States v. Giordano, 419 F.2d 564, 568 (8th Cir. 1969). However, this is not in action for a declaratory judgment that a proper purpose existed at the time of issuance. This is a suit to enforce summonses for which a proper purpose no longer exists. This Court will not engage in conjecture and speculation with respect to possible future litigation between the plaintiff and unknown third parties.
No proper purpose exists under § 7602 for the summonses here involved, and enforcement will be denied.